**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TRAVIS GOLDEN,**

    **Petitioner,**

    v.                              Case No. 2:05-cv-242

                                        **JUDGE GRAHAM
MAGISTRATE JUDGE ABEL**

**JAMES HAVILAND, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Magistrate Judge on the instant petition, return of writ, traverse, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

### I.  PROCEDURAL HISTORY

Petitioner was indicted by the May 5, 2002, term of the Franklin County grand jury for aggravated murder, in violation of O.R.C. §2903.01, and improperly discharging a firearm at or into a habitation, in violation of O.R.C. §2923.161, with specifications. Exhibit 1 to Return of Writ. While represented by counsel, petitioner proceeded to jury trial; and on February 16, 2001, was found guilty, as charged. Exhibits 4 and 5 to Return of Writ. On February 22, 2001, petitioner was sentenced to fifteen years to life on count one, and three years on count two, plus three years actual incarceration on the firearm specifications, the sentences to run consecutive to each other. Exhibit

5 to Return of Writ. Represented by new counsel, petitioner filed a timely appeal of his convictions to the Tenth District Court of Appeals. Exhibits 6 and 7 to Return of Writ. On December 20, 2001,the state appellate court affirmed the judgment of the trial court. Exhibit 9 to Return of Writ. Petitioner did not file a timely appeal of the appellate court's decision to the Ohio Supreme Court. On May 20, 2002, petitioner filed a *pro se* application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). Exhibit 10 to Return of Writ. On December 10, 2002, petitioner's application to reopen the appeal was denied. Exhibit 12 to Return of Writ. On December 20, 2002, petitioner filed a motion for reconsideration; however, on March 4, 2003, such motion was denied. Exhibits 13 and 14 to Return of Writ. Petitioner apparently did not file an appeal to the Ohio Supreme Court.[1] On February 18, 2004, Golden filed a motion for delayed appeal to the Supreme Court of Ohio. Exhibits 15 and 16 to Return of Writ. On March 24, 2004, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal. Exhibit 17 to Return of Writ.

On March 17, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

    1. Denial of a right to appeal.

    2. Denial of effective assistance of counsel.

---

[1] Petitioner states that on April 21, 2003, he filed a motion for delayed appeal to the Ohio Supreme Court. *See Traverse*, at ii; *Exhibits to Traverse*. He does not indicate, however, the date that his motion for delayed appeal was dismissed, nor has he attached a copy of the Ohio Supreme Court's decision dismissing the appeal. Further, Ohio does not permit delayed appeals in 26(B) proceedings, *see* Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(b). Even assuming that such motion were filed would not affect the timeliness of these proceedings.

3. Conviction obtained by prosecutorial misconduct violating due process.

4. Denial of right to a speedy trial.

It is the position of the respondent that this action must be dismissed as time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Petitioner's judgment in this case became final on February 3, 2002, when the time period expired to file a timely appeal to the Ohio Supreme Court from the state appellate court's December 20, 2001, decision dismissing his direct appeal. *See* Ohio Supreme Court Rule of Practice II, Section 2(A)(1); *Marcum v. Lazaroff*, 301 F.3d. 480, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 518-519 (6th Cir. 2001). The statute of limitations ran for 105 days until May 20, 2002, when petitioner filed his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), which tolled the running of the statute of limitations until March 4, 2003, when the state appellate court denied petitioner's motion for reconsideration of the denial of such action. *See Lopez v. Wilson,* 426 F.3d 339 (6th Cir. 2005); *Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir. 2000). The statute of limitations therefore expired 260 days later, on November 19, 2003. Petitioner's February 18, 2004, motion for delayed appeal does not toll or otherwise affect the statute of limitations in this case, since the statute of limitations expired prior to the time such action was filed. "The tolling provision does not... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). The petition here was not filed until March 17, 2005.[2]

Petitioner nonetheless asserts that equitable tolling is appropriate because he was unable to obtain trial transcripts and other unspecified documents necessary to file his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) from former counsel or from the state appellate court in a timely manner, and because he was attempting to first exhaust state court remedies by

---

[2] The petition does not reflect the date that it was signed.

filing a motion for delayed appeal with the Ohio Supreme Court prior to filing the instant habeas corpus petition. *See Traverse*; *Exhibits to Traverse*. Petitioner further argues that the statute of limitations should not begin to run until March 24, 2004, the date that the Ohio Supreme Court denied his motion for delayed appeal. Petitioner's arguments are unpersuasive.

"[P]etitioner bears the... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *see also King v.*

5

*Bell*, 378 F.3d 550, 552 (6th Cir. 2004), quoting *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

Here none of these factors favor tolling. Nothing in the record demonstrates petitioner lacked notice or constructive knowledge of the filing one-year filing requirement for habeas corpus petitions, nor would it have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases for the time period at issue here. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999);[3] *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003). Further, petitioner did not exercise due diligence in pursuing his rights. Contrary to his allegation, any delay in obtaining transcripts or other documents did not justify his failure to timely file state court action or in filing the instant habeas corpus petition for the time period at issue here. Finally, the respondent will suffer some prejudice, if only in terms of time and expense, should this Court equitably toll the statute of limitations.

---

[3] The United States Court of Appeals for the Sixth Circuit stated as follows regarding the defense of ignorance of the law:

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218.

### III.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations imposed under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge
